# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORNELIUS CARTER, | : | CIVIL NO. 1:CV-14-0627 |
|     Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| MR. HEGGANSTALLER, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

On April 2, 2014, Cornelius Carter ("Carter"), an inmate at the York County Prison, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Named as Defendants are the following employees at the York County Prison: Correctional Officers Hegganstaller, Becker, Little and Ogal; Grievance Coordinator Conway; Classification Officer McNicholas; and Deputy Wardens Doll and Buono. Carter has filed a motion to proceed in forma pauperis in this matter.[1] Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    Allegations of the Complaint**

On July 16, 2013, at approximately 5:00/5:30 a.m., Officer Hegganstaller ordered Officer Little to open the door of cell #7, which happened to be Carter's cell. Little opened the door electronically from the tower in the center of the cell block. The purpose of doing so was to

---

[1] Carter completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on April 2, 2014 (Doc. No. 6), directing the warden at the York County Prison to commence deducting the full filing fee from Carter's prison trust fund account.

allow another inmate who was temporarily housed in the dayroom to use the toilet in Carter's cell. The dayroom does not have bathroom facilities. Inside the cell Carter and his cellmate were asleep. It was still dark at the time and no lights were activated when the cell door was unlocked. Carter alleges that he was very disturbed by this incident because he was abruptly awakened from his sleep by the sound of the door to find a large black inmate entering his cell. When Carter yelled, the inmate informed him he was there to use the toilet. Carter seeks injunctive and monetary relief due to Defendants' actions in both failing to alert him and in allowing another inmate to use the toilet in his cell because it caused him emotional distress.

## II.   Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Burtch v. Milberg Factors, Inc., 62 F.3d 212, 220 (3d Cir. 2011), cert.

denied, ___ U.S.___, 131 S. Ct. 1861 (2012)(citing In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010.

Carter raises conditions of confinement claims under the Eighth Amendment. Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1991); Allah v. Ricci, 532 F. App'x 48 (3d Cir. July 24, 2013). However, not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981); Booth v. King, 228 F. App'x 167, 171 (3d Cir. 2007). Cruel and unusual punishment will only be found "where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's necessities." Id. (quoting Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir. 1990)).

In the non-medical context, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measure to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). To assert a viable claim, a prisoner must satisfy both an objective and subjective test. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Specifically, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. A prisoner must also demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials possessed a "sufficiently

culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. Id. However, only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

> In addressing failure to protect claims, the Third Circuit has explained as follows:
>
> In order to state an Eighth amendment claim for failure to protect, a plaintiff must sufficiently allege that prison officials were deliberately indifferent to his health and safety. Farmer, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). To be deliberately indifferent, a prison official must both 'know [] of and disregard an excessive risk to inmate health or safety. Id. at 837. This standard is subjective, not objective, 'meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.' Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

Carter v. Lawler, 446 F. App'x 420, 423 (3d Cir. 2011).

First, to the extent Carter seeks compensatory damages for the alleged unconstitutional actions of Defendants, 42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In Allah v. Al-Fafeez, 226 F.3d 247, 250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Court of Appeals added that an inmate alleging a violation of his or her constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm. Thus, to the extent Carter seeks monetary damages, any violation of his constitutional rights can proceed only to the extent they seek non-compensatory damages. See Ostrander v. Horn, 145 F. Supp. 2d 614, 618 (M.D. Pa. 2001).

In analyzing Carter's Eighth Amendment claims under the principles set forth above, the Court finds he fails to set forth a viable claim. Although allowing another inmate to use the toilet in his cell during the early morning hours may have startled him, there are no allegations demonstrating that his exposure to this incident caused him any serious or significant harm. Defendants' actions fail to demonstrate a sufficiently serious deprivation of the minimal civilized measure of life's necessities. While Carter may have initially been afraid when the noise from the door woke him up and he saw another inmate entering his cell, and while Defendants could have alerted him ahead of time, there is no indication that Defendants demonstrated deliberate indifference to Carter's health or safety. Defendants unlocked the door for the inmate and were clearly aware of his presence and purpose in the cell. Further, there are no facts indicating that Carter had any history with this inmate. In fact, when Carter yelled upon seeing the inmate in his cell, the inmate informed him he was just allowed in to use the toilet. As such, the complaint fails to set forth any facts establishing that Defendants acted with deliberate indifference to a substantial risk of serious harm to Carter. Accordingly, the instant complaint will be dismissed for failure to state an Eighth Amendment claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.